IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DOLA B. DYSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 96-AR-0606-M |
| M.E. "MAC" HOLCOMB, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

FILED 97 MAY 20 PM 3:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 20 1997

The court has before it a motion for summary judgment filed by defendants, M.E. "Mac" Holcomb ("Holcomb"), and Marshall County, Alabama ("Marshall County"), in the above-entitled matter. Plaintiff, Dola Dyson ("Dyson"), filed this action alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"). Plaintiff's Title VII charges include claims for gender discrimination and sexual harassment. For the reasons stated below, defendants' motion is due to be granted in part and denied in part. Plaintiff's action, insofar as it asserts claims against Marshall County is due to be dismissed. Furthermore, plaintiff's action is due to be dismissed insofar as it states any claim arising under the ADEA or insofar as it asserts a claim for

1

sexual harassment against Holcomb. Plaintiff's demand for punitive damages is due against Holcomb to be stricken. In all other respects, defendants' motion for summary judgment is due to be denied.

### A. Pertinent and Undisputed Facts

Dyson, was a sheriff's deputy in the Marshall County Sheriff's Department from 1988 until her termination in 1995. The facts and circumstances surrounding her termination and the intent of plaintiff's employer, Holcomb, in making that decision are in dispute. Holcomb is the sheriff of Marshall County, Alabama and acts as the state of Alabama in that capacity. Holcomb is sued only in his official capacity. Marshall County is sued by plaintiff apparently under a theory that it is a necessary party to this action, although it was not her employer.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of

2

material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

### 1. Marshall County

Plaintiff, a deputy sheriff, names not only her employer, Holcomb, as a defendant to the present action, but also Marshall County. Because Marshall County is not plaintiff's statutory employer, the action against it is due to be dismissed. A basic statutory requirement of Title VII is that only an "employer" is liable for workplace discrimination. In Alabama, it is well established that the state is the employer of sheriffs' deputies and that an Alabama county cannot be held liable for acts of the state's alter-ego, the sheriff. *See Terry v. Cook*, 866 F.2d 373, 379 (11th Cir. 1989); *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991); *Whitten v. Lowe*, 677 So. 2d 778 (Ala. Civ. App. 1995). Accordingly, defendants' motion for summary judgment as to plaintiff's claims against Marshall County is due to be granted and plaintiff's action as against Marshall County is due to be

dismissed.[1]

## 2. Age Discrimination, Sexual Harassment

Plaintiff's complaint contains claims premised upon the ADEA. Defendants' brief alleges that plaintiff has voluntarily withdrawn her ADEA claims. However, plaintiff never filed such a motion to dismiss. Nevertheless, plaintiff offers absolutely no evidence or argument that would support an ADEA claim. Accordingly, defendants' motion for summary judgment is due to be granted as to plaintiff's ADEA claims and plaintiff's action is due to be dismissed insofar as it states any ADEA claims.

Plaintiff's complaint further alleges that she was sexually harassed. Plaintiff's affidavit attached to her EEOC complaint references only her discharge, and never mentions sexual harassment. For this reason alone, plaintiff's sexual harassment claim is due to be dismissed. *See Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994)(finding that evidence and claims of sexual discrimination in an EEOC charge are not reasonably related to claims of sexual harassment).

---

[1] Relying on *Sims v. Montgomery County Comm'n*, 766 F. Supp. 1052, 1102-03 (M.D. Ala. 1990), plaintiff seems to argue that Marshall County is a necessary party to the litigation and that it should therefore not be dismissed. Plaintiff provides no proof upon which to base that contention. Because Marshall County is not plaintiff's employer and because there is no evidence that it is a necessary party to the litigation, plaintiff's contention to the contrary is misplaced.

4

Furthermore, plaintiff offers no evidence that would allow a reasonable jury to determine that she was sexually harassed. Accordingly, insofar as plaintiff's complaint alleges sexual harassment arising from Title VII, said claims are due to be dismissed.

### 3. Immunity and Damages

Plaintiff requests relief from the state actor Holcomb. Inexplicably, Holcomb contends that he should be entitled to Eleventh Amendment immunity from all of plaintiff's claims and requests for damages. While it is true that a sheriff sued in his official capacity is an actor of the state and is entitled to Eleventh Amendment immunity in most cases, Congress can abrogate such immunity in certain circumstances. It has done so with regard to suits against the state arising under Title VII. *See Fitzpatrick v. Bitzer,* 96 S. Ct. 2666, 427 U.S. 445 (1976). However, Congress may, and has, limited recovery against state actors for Title VII violations. Plaintiff realizes this, and concedes that punitive damages are not recoverable from a governmental entity under Title VII where a plaintiff could have recovered under 42 U.S.C. § 1981. *See Garrett v. Clarke County Bd. of Educ.,* 857 F. Supp. 949, 953 (S.D. Ala. 1994). Accordingly, plaintiff's request for punitive

5

damages is due to be stricken. Defendants further argue, relying on a pre-Civil Rights Act of 1991 case, *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982), that any claims for mental anguish and emotional distress should be stricken. Plaintiff correctly notes that the Civil Rights Act of 1991 expanded the scope of damages recoverable under Title VII to include compensatory damages. Such damages include mental and emotional damages. *See Landgraf v. USI Film Products,* 114 S. Ct. 1483, 1491, 511 U.S. 244, 253 (1994). Accordingly, defendants' motion for summary judgment as to plaintiff's claims for mental anguish and emotional distress are due to be denied.

Holcomb contends that plaintiff requests monetary damages only from Marshall County, and that because Marshall County is due to be dismissed, plaintiff can receive only injunctive relief against him. If this is all plaintiff asks for, it will be all plaintiff can receive. However, the court will entertain a motion by plaintiff within ten (10) days for leave to file an amended complaint seeking monetary damages as against the only proper defendant, Holcomb. Holcomb may, or course, oppose such a motion, if and when it is filed.

### 4. Title VII Discrimination: Discharge

There is a genuine dispute of material fact relating to plaintiff's only viable claim, namely her discharge. This dispute arises primarily from direct evidence of discrimination, supplied by plaintiff and Lacy Galloway. For example, Galloway, in her affidavit, states "Sheriff Holcomb told me expressly that he did not like female officers in law enforcement."[2] While such a statement may be a flimsy peg upon which to hang a discrimination suit, the Eleventh Circuit has held that it is strong enough--even when the statement is not immediately related to the contested employment decision. See *Equal Employment Opportunity Commission v. Alton Packaging Corp.*, 901 F.2d 920, 924-25, n.6 (11th Cir. 1990). When direct evidence of discrimination is shown, a defendant bears the burden of proving by a preponderance that he would have reached the same employment discrimination absent a discriminatory motive. *See id.* at 925. Whether Holcomb can meet this burden is a question best left for the jury. Accordingly, defendants' motion for

---

[2] Defendants have moved to strike portions of the affidavits of plaintiff, Lacy Galloway, Nickie Elrod, and Diane Lamons. While defendants correctly note the general irrelevance of the affidavits and the speculation and hearsay contained within them, defendants, most probably because the statements are admissible and potentially harmful, never address the "smoking gun" statements that constitute direct evidence. The court's ruling does not depend upon any of the objectionable portions of the affidavits. therefore, the court will deem moot defendants' motion to strike.

summary judgment as to this claim is due to be denied.

A separate and appropriate order will be entered.

DONE this 20 day of May, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

8